SCIORLINO v. RIECKE

_____

(June 6, 1927. Opinion and Decree.)

_____

(Syllabus by the Court)

1. Louisiana Digest—Appeal—Par. 625.

Where only matters of fact are involved, the judgment of the lower court will be affirmed, unless plainly erroneous.

Appeal from ——— — — — ———

Action by Joseph Sciorlino against L. G. Riecke.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. H. Wagner, of New Orleans, attorney for plaintiff, appellee.

Walmsley, Beard & O'Keefe; A. L. Christovich, of New Orleans, attorneys for defendant, appellant.

JONES, J. This is a suit for one hundred and sixty-seven and 25-100 ($167.25) dollars, damages to a Dodge Sedan, alleged to have been caused to plaintiff's car by defendant's Ford on May 27, 1926,

at the intersection of De Soto and N. Dupre streets, about 7:30 P. M.

Plaintiff alleges that he was driving slowly out De Soto street with his family, and when he reached N. Dupre saw the Ford car standing still on the down-town side of De Soto; that he then proceeded forward and, when about two-thirds across, was struck broadside by defendant's car; that it was the duty of defendant to wait after he had commenced to cross the street; that the two right doors, the right running board and the right step plates on his car had been ruined and the body of his car twisted, and repairs would cost the amount claimed.

The defendant admits the collision, but denies negligence and avers the damage was caused by petitioner's want of care.

There was judgment for plaintiff for seventy-two and 30-100 ($72.30) dollars.

Defendant has appealed and plaintiff has answered the appeal, asking for an increase of the judgment to the full amount claimed.

The testimony of plaintiff, his wife, his married daughter and his son-in-law tends to support the allegations of the petition, but they vary on one important point.

Plaintiff swears that he blew his horn and stopped his car when he reached N. Dupre street; that he shifted to second and went across, and as he was about to shift to high he saw the Ford coming, swerved to the left and hit the curb on De Soto street; that both streets are paved and of same width; that he knew that defendant's car had the right of way. When asked if he had given defend- ant opportunity to start, he answered: "We were both stopped, I did not see her come across and I went ahead"; that the left rear wheel of the Ford struck the right side of his car, when he was three-fourths of the way across, the cars locked and stopped right there; that he had an estimate of cost of new doors, new running board and new plates and straightening his car, but had made no repairs.

Mrs. Sciorlino said her husband blew his horn and slowed down to one-half his speed, but did not stop; that she saw the car of defendant standing at N. Dupre street.

Mrs. Denbin, the daughter, testifies her father slowed up and blew his horn, but did not stop, and that she did not see the Ford until the accident happened; that Dupre street was about thirty feet wide, and that her father's radiator had passed the property line of Dupre street when the accident happened.

The son-in-law states that plaintiff's car was in second speed going about eight miles an hour over intersection, and that the front wheels of the Dodge were beyond the Dupre line at time of accident.

It is thus seen that plaintiff testifies that he came to a stop before crossing, his wife and daughter say he did not, and his son-in-law says nothing about it.

Walter Pilie, an expert mechanic, says that plaintiff's car could have been fully repaired with two doors, "just like new", for seventy-two and 30-100 ($72.30) dollars.

Defendant's wife, who was driving the Dodge, says she stopped at Dupre street to let a man and two children pass, sounded her horn and started her car

across, and while in the center of the street saw a Dodge Sedan come from Esplanade into De Soto, turned her car to the left and her left front wheel was caught in his running board and she was dragged ten feet and her wheel was broken; that she looked to the left, where you can see for one-fourth of a block, but did not see plaintiff's car until it was right on her; that she was in low gear at the time; the accident happened about center of intersection; the plaintiff, who was not coming very fast, about eight miles per hour, did not stop his car; that her left front wheel and left front fender were broken.

The mother of defendant's wife, who was in the car with her at the time, confirms her daughter on all points, except that she says her daughter turned to the right and the left rear wheel of defendant's car caught on plaintiff's right front fender in the middle of the intersection and their car was dragged about twelve feet and both cars were pointing the same way.

We do ,not see how it is possible for the accident to have happened if defendant's wife turned her car to the left, as she says she did, and we. think her mother's version more probable, nor do we see how plaintiff's car one-quarter of a block away could have come that distance at the slow speed of eight miles an hour, while defendant's car was going half-way across Dupre street, about fifteen feet.

Although the evidence as to the facts is conflicting, we can not say that the decision of the lower court is plainly erroneous, and, as the city traffic ordinance was not introduced in evidence, we cannot consider which car had the right of way.

As defendant's expert testimony on the amount necessary to put the plaintiff's car in good repair is not contradicted, there is no basis for an increase of the judgment.

For above reasons the judgment is affirmed.